# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2022

Lyle W. Cayce
Clerk

No. 21-60288

Basilio Agustin-Matias,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205-568-118

Before Jones, Ho, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

Basilio Agustin-Matias, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) denial of his application for cancellation of removal. Agustin-Matias contends that the BIA erred in concluding that he failed to demonstrate that his stepchildren are United States citizens, and thus "qualifying relatives" for purposes of his application, and by improperly reviewing the IJ's findings of fact de novo. He also asserts that the BIA's interpretation of 8 U.S.C. § 1229b(b)(1)(D)

violates the Fifth Amendment as it has been construed to guarantee equal protection.[1]

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review factual findings for substantial evidence and legal determinations de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001); *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). To overturn a factual finding under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

8 U.S.C. § 1229b(b)(1)(D) allows for the cancellation of removal if, *inter alia*, "removal would result in exceptional and extremely unusual hardship to [a qualifying relative, i.e.,] the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *See also* § 1101(b)(1)(B) (describing when a stepchild can be a qualifying relative under § 1229b(b)(1)(D)); *Diarra v. Gonzales*, 137 F. App'x 627, 632 (5th Cir. 2005). Agustin-Matias contends that the BIA erred in determining that he failed to offer sufficient evidence that his stepchildren were "qualifying relatives" under § 1229b(b)(1)(D).

Agustin-Matias did not assert before the IJ that his stepchildren were qualifying relatives under § 1229b(b)(1)(D), but the IJ noted in passing that Agustin-Matias "neither provided evidence regarding the hardship to his step-children nor any evidence establishing that his step-children are either: (1) children of [Agustin-Matias's wife]; or (2) United States citizens or

---

[1] Because Agustin-Matias does not challenge the BIA's determination that he failed to demonstrate an extremely unusual hardship to his wife and daughter, he has abandoned any challenge to that determination on appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

lawful permanent residents." Agustin-Matias challenged that conclusion before the BIA, pointing to his wife's testimony that she was both a United States citizen and the biological mother of his stepchildren, and that his stepchildren were born in the United States, making them citizens and, in turn, qualifying relatives. *See* 8 U.S.C. § 1401(a) (stating that "a person born in the United States" is a "citizen[] of the United States at birth"); § 1229b(b)(1)(D). Nevertheless, the BIA held that the IJ "correctly found that [Agustin-Matias] ha[d] submitted insufficient evidence to establish that his stepchildren are qualifying relatives for cancellation of removal purposes." The BIA reasoned that Agustin-Matias "d[id] not point to any record evidence, such as the children's birth certificates or United States passports, which would show that the children in question are in fact his wife's biological children and are United States citizens."

Before this court, Agustin-Matias asserts that the evidence compels a conclusion contrary to that of the BIA. He specifically points to his wife's testimony, a counselor's report based on an interview with her, and an affidavit from his mother-in-law that purportedly confirm his stepchildren's citizenship. However, Agustin-Matias miscasts the affidavit; it merely states that Agustin-Matias is a "good stepdad," without addressing the parentage of his stepchildren. And while we acknowledge that Agustin-Matias's wife's testimony and the counselor's report weigh against the BIA's conclusion that the stepchildren are not "qualifying relatives," we cannot say that evidence alone *compels* a contrary conclusion. *See Wang*, 569 F.3d at 537. "We will not substitute our judgment for that of the BIA or IJ 'with respect to the credibility of witnesses or ultimate factual findings based on credibility determinations.'" *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (citing *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994)). Because Agustin-Matias did not offer any other evidence substantiating his stepchildren's citizenship, he has failed to "show that the evidence [of their citizenship] was so compelling

that no reasonable factfinder could conclude against it." *Id.* This claim accordingly fails.[2]

Parsing Agustin-Matias's somewhat muddled equal protection argument, he appears to contend that § 1229b(b)(1)(D)'s requirement that he demonstrate "exceptional and extremely unusual hardship" to a qualifying relative, without also considering the hardship *that he would suffer*, violates equal protection under the Fifth Amendment. We apply rational basis review in considering "Congress's plenary power to pass legislation concerning the admission or exclusion of aliens." *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 332 (5th Cir. 2004). "Under rational basis review, differential treatment must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Cabral v. Holder*, 632 F.3d 886, 892 (5th Cir. 2011) (internal quotations and citations omitted).

We conclude that § 1229b(b)(1)(D)'s requirement that an alien demonstrate "exceptional and extremely unusual hardship" to a qualifying relative, irrespective of hardship suffered by the alien, passes constitutional muster. Congress adopted § 1229b(b)(1)(D)'s hardship standard in response to administrative decisions that weakened the former "extreme hardship" standard by permitting suspension of deportation if, for example, the alien's child would fare less well in the alien's country of nationality than in the

---

[2] Agustin-Matias also contends that the BIA improperly reviewed the IJ's factual findings de novo. True, "the BIA cannot 'engage in de novo review of findings of fact determined by an immigration judge.'" *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009) (quoting 8 C.F.R. § 1003.1(d)(3)(i)). But that is not what the BIA did. It merely considered the evidence Agustin-Matias proffered and agreed with the IJ's conclusion that the evidence was insufficient to establish that his stepchildren were qualifying relatives. Because the BIA did not "re-weigh the evidence submitted and substitute its own judgment for that of the IJ," *id.* at 235, we find no error on this point.

No. 21-60288

United States. *See* H.R. Rep. 104-828, at 213 (1996) (Conf. Rep.)). Congress determined that interpretation did not conform to federal immigration law and policy, which "clearly provide that an alien parent may not derive immigration benefits through his or her child." *Id.* In enacting the "exceptional and extremely unusual hardship" standard, Congress thus emphasized that an alien must provide evidence of harm to a qualifying relative substantially beyond that which ordinarily would be expected due to the alien's deportation. *See id.* at 213–14.

Congress's articulated justification provides a "reasonably conceivable state of facts that could provide a rational basis" for the hardship requirement. *Cabral*, 632 F.3d at 892; *see Madriz-Alvarado*, 383 F.3d at 332; *see also Mendez-Gutierrez v. U.S. Att'y Gen.*, 860 F. App'x 155, 158–59 (11th Cir. 2021) (finding rational basis for the hardship requirement and concluding that "because only minimal scrutiny is given to statutory classifications of immigrants, the hardship requirement does not violate the [Fifth Amendment]") (citations omitted). Agustin-Matias's argument on this issue lacks merit.

PETITION DENIED.