# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60074

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2023

Lyle W. Cayce
Clerk

Jose Rangel Perez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 355 522

———————————————————————

Before Elrod, Ho, and Wilson, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

Jose Rangel Perez has been ordered removed from the United States to Mexico. Perez concedes that he is removable but seeks cancellation of removal based on the hardship his removal would cause his family. An Immigration Judge and the Board of Immigration Appeals denied Perez's application for cancellation, and Perez now petitions this court for review.

Perez's challenge is twofold. First, he contends that the IJ and the BIA failed to use the proper legal standard to assess his eligibility for discretionary relief. Second, he argues that the BIA erred by failing to

No. 22-60074

remand his case to the IJ for consideration of new evidence as well as a potential grant of voluntary departure. Binding circuit precedent requires us to dismiss the petition for lack of jurisdiction.

I

Jose Rangel Perez, a native and citizen of Mexico, entered the United States on an unknown date. In 2011 he was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without having been admitted or paroled by an immigration officer. He conceded removability as charged.

Perez then filed an application for cancellation of removal based on the hardship his removal would cause his wife and three minor daughters, all of whom are United States citizens. He submitted supporting documentation, including medical records relating to his own health and that of his youngest daughter, who suffers from asthma. The IJ held a hearing on his application, at which Perez and his wife provided the sole testimony.

The IJ did not take issue with Perez's characterization of the hardship his family would face upon his removal. To the contrary, the IJ found Perez and his wife credible and accepted their description of the facts. The IJ nevertheless denied Perez's application, concluding that "the hardship to [Perez's] qualifying relatives does not satisfy the high standard of hardship required."

Perez appealed to the BIA, arguing that the IJ applied the wrong legal standard in evaluating whether the facts presented amounted to undue hardship. He also presented newly available evidence that his wife was pregnant with their fourth child and that his middle daughter was being treated for ADHD, evaluated for speech deficiencies, and placed in special education classes.

2

No. 22-60074

The BIA dismissed the appeal after adopting and affirming the IJ's decision. With respect to Perez's new evidence, the BIA concluded that a remand was not warranted because the new evidence would not change the result in the case.

Perez timely petitioned for review. He maintains that the IJ and BIA used the wrong legal standard to determine his eligibility for cancellation of removal under the hardship statute, at times characterizing this failure as a violation of his due process rights. He also argues that the BIA erred by failing to remand to the IJ for consideration of new evidence and a potential grant of voluntary departure.

## II

We begin, as we always must, with jurisdiction. We also end there. Binding circuit precedent compels us to conclude that we lack jurisdiction to review the BIA's hardship determination.

To explain why, we must first explain how the hardship statute operates. The hardship statute grants the Attorney General discretion to "cancel removal of" individuals who meet certain criteria. 8 U.S.C. § 1229b(b)(1). The central, eponymous criterion is "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id.* § 1229b(b)(1)(D).

The hardship statute thus sets forth a two-step process. The IJ and BIA, acting under the delegated authority of the Attorney General, must first determine which applicants are eligible for cancellation. Then, if an applicant is deemed eligible, they must decide whether to grant cancellation. "Even if an alien satisfies the conditions to qualify for relief, the Attorney General retains discretion to grant or deny the application." *Mireles-Valdez v.*

*Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003) (quoting *Sad v. INS*, 246 F.3d 811, 819 (6th Cir. 2001)).

In coordination with this two-step process, Congress instituted a scheme of limited judicial review. A separate statute states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i).

This language is notably broad. "Here, 'any' means that the provision applies to judgments 'of whatever kind' under [§ 1229b(b)(1)], not just discretionary judgments or the last-in-time judgment." *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997). "Similarly, the use of 'regarding' 'in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject.'" *Id.* (quoting *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1760 (2018))

But Congress did not entirely strip this court of jurisdiction. To the contrary, § 1252(a)(2)(B) is subject to a significant carveout preserving judicial review of "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

In *Patel*, the Supreme Court explicated the interplay between the jurisdiction-stripping provision of § 1252(a)(2)(B) and the carveout of § 1252(a)(2)(D), ultimately concluding that the net of these two statutes is to strip the federal courts of jurisdiction over factual findings relevant to the hardship determination. The Court explained that "if Congress made" constitutional claims and questions of law "an exception" to its jurisdiction-stripping provision, "it must have left *something* within the rule"—*i.e.*, the federal circuits must have been stripped of jurisdiction over some aspect of the judgments relevant to the granting of relief under § 1229b. *Id.* at 1623. That "major remaining category is questions of fact." *Id.* Therefore, the

No. 22-60074

Supreme Court concluded, "[f]ederal courts lack jurisdiction to review facts found as part of" these decisions. *Id.* at 1627.

Our circuit has understood *Patel* to categorically foreclose review of hardship determinations. *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) ("[T]he BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond our review."). It follows that we also lack jurisdiction to review the BIA's decision not to remand to the IJ to consider new evidence. "[W]here a final order of removal is shielded from judicial review . . . so, too, is the BIA's refusal to reopen that order." *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (internal quotation marks, citation, and brackets omitted).

But even if we were to read *Patel* as some other circuits have,[1] and assuming *arguendo* that there were no other jurisdictional problem with

---

[1] *See Alzaben v. Garland*, ---F.4th---, No. 22-1561, 2023 WL 2945069 *3 (1st Cir. April 14, 2023) ("[U]nlike the factual findings at issue in *Patel*—which pertained to the IJ's assessment of the petitioner's credibility and whether the petitioner had subjectively intended to misrepresent his immigration status—the determination of whether a marriage was made in good faith requires applying a statutory standard to evidence." (internal citation omitted)); *Cortez-Amador v. Attorney General*, ---F.4th---, No. 22-1249, 2023 WL 3067041 *4 (3d Cir. April 25, 2023) ("We lack jurisdiction to review factual findings on an adjustment application [citing *Patel*]. Thus, the narrow question within our jurisdiction is whether the agency made an error of law or Petitioner makes a constitutional claim."); *Hernandez v. Garland*, 59 F.4th 762, 767–8 (6th Cir. 2023) (stating that after *Patel* "we have jurisdiction over any purely legal question" such as whether "the Board improperly interpreted the phrase 'good moral character' to allow consideration of an immigrant's 'expunged' prior convictions."); *Cruz-Velasco v. Garland*, 58 F.4th 900, 903 (7th Cir. 2023) ("The *Patel* Court explicitly clarified that it was dealing only with 'judicial review of factfinding,' not the application of a legal standard to undisputed facts under section 1252(a)(2)(D)."); *Garcia-Pascual v. Garland*, 62 F.4th 1096, 1101 (8th Cir. 2023) ("In summary, '*Patel* makes clear that the [Board's] determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which . . . is beyond our review.' Nevertheless, 'a petitioner can raise a question of law . . . in two ways: (1) by

No. 22-60074

Perez's petition,[2] Perez's arguments would fail on the merits. Contrary to Perez's assertions, the IJ and BIA thoroughly considered each of Perez's hardship arguments and applied the appropriate legal standard. The BIA also considered the new evidence presented by Perez but concluded that this evidence was unlikely to change the IJ's decision. The record supports the conclusion that Perez failed to show that the consequences of his removal are "substantially beyond the ordinary hardship that would be expected when a close family member leaves his country." *Juarez v. Garland*, No. 22-60904, 2022 WL 3282228 *1 (5th Cir. Aug. 11, 2022) (quoting *Trejo v. Garland*, 3 F.4th 760, 775 (5th Cir. 2021), *abrogated on other grounds by Castillo-Gutierrez*, 43 F.4th at 481). *See also Aguirre-Cano v. Garland*, No. 21-60468, 2022 WL 2208396 *1 (5th Cir. June 21, 2022).

That leaves Perez's argument that the BIA should have remanded his case to the IJ for a possible grant of voluntary departure. Perez did not present this argument to the BIA, and a petitioner "must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement." *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

We DISMISS the petition for review for lack of jurisdiction.

---

advancing a statutory-construction argument, or (2) by disputing the application of a legal standard to undisputed or established facts.'" (internal citations omitted)); *Flores-Alonso v. Attorney General*, 36 F.4th 1095, 1100 (11th Cir. 2022) (noting *Patel* and stating that "[b]ecause we cannot disturb . . . factual finding[s], we are left to see if Flores-Alonso has identified any legal error with respect to the application of the law to those facts established in the BIA's decision.").

[2] *Cf. Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022) (stating that claims that the BIA applied the wrong standard of review, breached a procedural requirement, and violated due process protections must be exhausted in a motion to reconsider before the BIA); *Santos-Zacaria v. Garland*, 143 S. Ct. 82 (2022) (granting certiorari to consider this issue).