# United States Court of Appeals for the Fifth Circuit

---

No. 23-60296
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 22, 2024

Lyle W. Cayce
Clerk

DAVID ALISTER RENAUD,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A035 217 053

---

Before DAVIS, WILLETT, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

David Alister Renaud, a native and citizen of Grenada, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from decisions of the immigration judge (IJ) finding (1) Renaud removable as charged and (2) that he failed to make a prima facie showing that he was eligible for adjustment of status.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60296

Our jurisdiction to review decisions on certain types of discretionary relief from removal, including adjustment of status under 8 U.S.C. § 1255(a), is limited by 8 U.S.C. § 1252(a)(2)(B)(i). *See Patel v. Garland*, 142 S. Ct. 1614, 1621 (2022); *Perez v. Garland*, 67 F.4th 254, 257 (5th Cir. 2023). However, § 1252(a)(2)(D) exempts "constitutional claims" and "questions of law" from the jurisdictional bar of § 1252(a)(2)(B)(i). § 1252(a)(2)(D); *see Patel*, 142 S. Ct. at 1623. We review an alien's constitutional claim de novo. *United States v. Lopez–Vasquez,* 227 F.3d 476, 481 (5th Cir.2000). We also review questions of law de novo, deferring, however, to the BIA's interpretation of the statutes and regulations it administers. *De La Paz Sanchez v. Gonzales,* 473 F.3d 133, 135 (5th Cir.2006). Factual findings are reviewed for substantial evidence. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019).

Renaud fails to brief and therefore has abandoned any challenge to the BIA's dispositive findings that counsel conceded removability and withdrew Renaud's request for a waiver of inadmissibility under former 8 U.S.C. § 212(c). *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Renaud's arguments that the BIA and IJ impermissibly shifted the burden of establishing that he was inadmissible, *see Mikhael v. I.N.S.*, 115 F.3d 299, 305 (5th Cir. 1997), and that his right to due process was violated by the failure of the Government and IJ to develop the record regarding his conviction for distributing a substance falsely represented as cocaine, in violation of Louisiana Revised Statutes Annotated § 40:971.1(A), are meritless. Renaud had the burden of establishing that he was admissible "clearly and beyond doubt," and therefore eligible for adjustment of status, which included the burden of establishing this counterfeit cocaine conviction was not an offense that rendered him inadmissible. *See Patel*, 596 U.S. at 345; *Le v. Lynch*, 819 F.3d 98, 105-08 (5th Cir. 2016). Likewise, Renaud had the burden of developing

No. 23-60296

the record sufficiently to meet that burden. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 758, 765-66 (2021). We do not reach the BIA's alternative findings regarding removability, eligibility for waiver under former § 212(c), and inadmissibility. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023). Accordingly, his petition for review is DENIED.