# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60264
Summary Calendar

———————

Raul Gutierrez Cervantes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 912 555

———————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Raul Gutierrez Cervantes, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1). The BIA affirmed the immigration judge's determination that Gutierrez Cervantes was ineligible for cancellation of removal because he did not satisfy the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

hardship requirement under § 1229b(b)(1)(D) as to his three qualifying relatives: two of his children and his mother.

In reviewing the BIA's decision we consider the immigration judge's decision only to the extent it influenced the BIA. *See Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the factual findings underlying the BIA's conclusion on the issue of hardship. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). However, whether an established set of facts satisfies the legal standard of exceptional and extremely unusual hardship is a mixed question of fact and law that is a reviewable legal question pursuant to § 1252(a)(2)(D). *Id.* at 216-17, 225.

Gutierrez Cervantes argues here that he made the requisite showing of hardship because if removed to Mexico, he would have difficulty finding employment; his children would lose educational opportunities; the health of his wheelchair-bound elderly mother would be detrimentally affected; he had not accumulated any significant assets to assist him in transitioning in Mexico; there would be concerns for the children in Mexico due to its worse country conditions; and he does not have an alternative means for immigrating to the United States. He contends that his case is similar to *Matter of Gonzalez Recinas*, 23 I.&N. Dec. 467, 469-71 (BIA 2002), in which the BIA found that the hardship standard was met.

The BIA indicated that *Gonzalez Recinas* represented "the outer limit of the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard will be met." *Gonzalez Recinas*, 23 I.&N. Dec. at 470. The hardship evidence here falls outside of those limits. The only children at issue here are two minors who largely understand Spanish. Gutierrez Cervantes is not a single parent, has four siblings in Mexico, and has three other siblings in the United States who care for and support his

No. 24-60264

mother.  Under deferential review, we uphold the agency's determination that the evidence in this case fails to satisfy the standard of exceptional and extremely unusual hardship.  *See* § 1229b(b)(1)(D).

The petition for review is DENIED.