# United States Court of Appeals for the Fifth Circuit

_____

No. 24-60366
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2025

Lyle W. Cayce
Clerk

Carlos Antonio Cortez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 269 604

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Carlos Antonio Cortez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his appeal from an order of the immigration judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Cortez argues that the BIA erred in determining he did not establish eligibility for such cancellation

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because he did not show that his removal would result in exceptional and extremely unusual hardship for his qualifying relatives, his children.

We review the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). To be eligible for cancellation of removal under § 1229b(b)(1), Cortez must show that, inter alia, his removal from the United States "would result in exceptional and extremely unusual hardship to" a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D); *see Wilkinson v. Garland*, 601 U.S. 209, 213 (2024).

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review the factual findings underlying the BIA's conclusion on the issue of hardship. *Wilkinson*, 601 U.S. at 225. However, the determination whether an established set of facts satisfies the legal standard of exceptional and extremely unusual hardship is a mixed question of fact and law that is a reviewable legal question pursuant to § 1252(a)(2)(D). *Id.* at 216-17, 225. Although the parties disagree on the standard of review, we need not decide what standard applies here, as Cortez cannot prevail even under a general deferential review. *See id.* at 225; *Sustaita-Cordova v. Garland*, 120 F.4th 511, 518-19 (5th Cir. 2024).

Cortez first argues that the BIA made several "critical factual errors" by misinterpreting the facts regarding whether the record was unclear that his children would remain in the United States or accompany him to El Salvador and whether his partner's work history meant that she was able to financially assist the children. These arguments amount to a disagreement with the factual findings underlying the BIA's conclusion on the issue of hardship, which we lack jurisdiction to review. *See Wilkinson*, 601 U.S. at 225.

No. 24-60366

Cortez next argues that the BIA legally erred by ignoring its own precedent and failing to cumulatively analyze the relevant factors for hardship. He specifically argues that the BIA failed to properly consider in the cumulative (1) his children's ages; (2) his "financial problems" associated with supporting his children in El Salvador; (3) "significant violence" in El Salvador; and (4) his children's loss of Medicaid and how the loss would affect their health.

Despite his phrasing of the arguments as questions of law regarding the BIA's purported failure to follow its precedent, Cortez seeks this court to reevaluate the agency's factual findings, which this court lacks jurisdiction to do. *Wilkinson*, 601 U.S. at 225; *cf. Nastase v. Barr*, 964 F.3d 313, 319 (5th Cir. 2020) (stating that an alien "may not—merely by phrasing his argument in legal terms—use those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law" (internal quotation marks, alterations, and citation omitted)). In any event, the record demonstrates that the agency considered the relevant hardship factors cumulatively. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62, 65 (BIA 2001). Cortez does not otherwise show that any difficulties or harm that his children may experience would be "substantially different from or beyond that which would ordinarily be expected to result from" the removal of a close family member. *Wilkinson*, 601 U.S. at 215 (internal quotation marks and citation omitted); *accord Monreal-Aguinaga*, 23 I. & N. Dec at 65. Lastly, we decline to consider his arguments raised in the first time in his reply brief. *See United States v. Kearby*, 943 F.3d 969, 978 n.13 (5th Cir. 2019).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.