# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2025

Lyle W. Cayce
Clerk

No. 24-60408
Summary Calendar

———————

Jose Refugio Escobedo-Rubio,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 658 793

———————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jose Refugio Escobedo-Rubio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an immigration judge's (IJ) denying his request for cancellation of removal under 8 U.S.C. § 1229b(b). The BIA concluded Escobedo failed to establish eligibility for such cancellation because he did not show his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

qualifying relative would experience the requisite hardship in the event of his removal. (Although Escobedo lists two of his children as "qualifying relatives" in his petition for review, the BIA determined that only his youngest son was a qualifying relative; and Escobedo does not challenge this determination in his petition.)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). To establish eligibility for cancellation of removal, Escobedo must show, *inter alia*, that his removal from the United States "would result in exceptional and extremely unusual hardship to" a qualifying relative, including a United States citizen child. 8 U.S.C. § 1229b(b)(1)(D).

This standard requires showing hardship to a qualifying relative "that is substantially different from or beyond that which would ordinarily be expected to result from" the removal of a close family member. *Wilkinson v. Garland*, 601 U.S. 209, 215 (2024) (citation omitted); *accord Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62, 65 (BIA 2001). Whether an established set of facts satisfies the "exceptional and extremely unusual hardship" standard is a mixed question of fact and law that is a reviewable legal question under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson*, 601 U.S. at 217, 225. *Wilkinson* did not specify a standard of review, but noted that it is "deferential". *Id*. at 225.

For the reasons that follow, Escobedo has forfeited any challenge to the BIA's hardship determination by failing to adequately brief the issue, *see Schnell v. State Farm Lloyds*, 98 F.4th 150, 161 (5th Cir. 2024), which is dispositive of his cancellation-of-removal claim, *see generally Wilkinson*, 601 U.S. at 215. As a threshold matter, Escobedo's counseled brief is not entitled to liberal construction. *E.g.*, *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir.

2

1986). Federal Rule of Appellate Procedure 28 requires appellant's brief to contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies". FED. R. APP. P. 28(a)(8)(A). In addition, our local rules require "every assertion in briefs regarding matter in the record to be supported by a reference to the page number of the original record . . . where the matter is found using the record citation form as directed by the Clerk of Court". *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) (citing 5TH CIR. R. 28.2.2).

Escobedo's brief fails to: summarize the BIA's decision; cite the record for factual assertions in the argument part of his brief; reference the relevant factors underlying a hardship determination; and identify any authority supporting his application of the law to the facts. *E.g.*, *Schnell*, 98 F.4th at 161 ("A party may forfeit an argument through inadequate briefing in several ways, such as by failing to offer any citation to authority or by failing to offer record citations.") (citation omitted). Although his brief identifies the relevant statute and standard of review, along with an implicit acknowledgment that he is required to make a hardship showing, he "never discusses the Board's analysis or explains why it was deficient". *Qureishy v. Garland*, No. 22-60663, 2023 WL 6518117, at *1 (5th Cir. Oct. 5, 2023) (unpublished) (discussing abandonment of inadequately briefed issues in immigration context). (Although an unpublished opinion issued on or after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).) His brief merely provides "familiar rules governing our review . . . , without even the slightest identification of any error in" the BIA's reasoning. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

DENIED.