# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2025

Lyle W. Cayce
Clerk

No. 24-60423
Summary Calendar

_____

Margarito Hernandez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 980 416

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

Margarito Hernandez, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming an order of an immigration judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Hernandez argues that the agency

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erred in finding that he failed to show his removal would result in exceptional and extremely unusual hardship for his two minor children.

Hernandez also argues that his notice to appear was defective and the BIA erred by failing to raise the issue sua sponte. These arguments were not presented to the BIA, however, so they are unexhausted. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023). Because the Government raises exhaustion, we enforce this claim-processing rule and decline to consider the claims. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). To be eligible for cancellation of removal under § 1229b(b)(1), Hernandez must show that, inter alia, his removal from the United States "would result in exceptional and extremely unusual hardship to" a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D); *see Wilkinson v. Garland*, 601 U.S. 209, 213 (2024).

We lack jurisdiction to review the factual findings underlying the BIA's conclusion on the issue of hardship under 8 U.S.C. § 1252(a)(2)(B)(i). *Wilkinson*, 601 U.S. at 225. The determination of whether an established set of facts satisfies the legal standard of exceptional and extremely unusual hardship is a mixed question of fact and law that is a reviewable legal question under § 1252(a)(2)(D), however. *Id*. at 216-17, 225. Although the parties disagree on the applicable standard of review, we need not decide, as Hernandez cannot prevail even under a general deferential review. *See id*. at 225; *Sustaita-Cordova v. Garland*, 120 F.4th 511, 518-19 (5th Cir. 2024).

As an initial matter, Hernandez has abandoned any challenge to the agency's determinations that he presented little evidence of hardship regarding his father, who is a lawful permanent resident, even though

Hernandez's application was partly based on him. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

As for his children, Hernandez asserts that the IJ failed to properly consider and analyze certain evidence, namely psychologist's evaluations and various reports and articles on country conditions, childhood development, and United States citizen children living in Mexico, and that the BIA affirmed the IJ's decision without addressing the errors in the record. Before the BIA, he did not argue that the IJ failed to properly consider the reports and articles. The argument is therefore unexhausted. *See Santos-Zacaria*, 598 U.S. at 413. Because the Government raises exhaustion, we decline to consider this argument. *See Carreon*, 71 F.4th at 257. Further, the BIA's decision reflects adequate reasoning and meaningful consideration of the record evidence. *See Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004).

Hernandez also argues that the agency legally erred by misapplying the hardship standard, and he asserts several challenges to the agency's weighing of certain facts and evidence. But his arguments focus on contesting the agency's factual findings, which we lack jurisdiction to review. *See Wilkinson*, 601 U.S. at 225; *cf. Nastase v. Barr*, 964 F.3d 313, 319 (5th Cir. 2020) (stating that an alien "may not—merely by phrasing his argument in legal terms—use those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law" (internal quotation marks, alterations, and citation omitted)).

Hernandez has also not shown that any difficulties that his children may experience would be "substantially different from or beyond that which would ordinarily be expected to result from" the removal of a close family member. *Wilkinson*, 601 U.S. at 215 (internal quotation marks and citation omitted); *accord Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62, 65 (BIA 2001).

No. 24-60423

Hernandez lastly argues that the BIA did not adequately consider the "alternative avenues for relief" the IJ mentioned, including that he could potentially adjust his immigration status through his adult son. The BIA noted the IJ's finding and that a Form I-130 visa petition had not been filed in his case. Hernandez now asserts that the BIA's assessment of his potential alternative relief was "speculative" and that the BIA erroneously relied on it to dismiss his claims of exceptional and extremely unusual hardship. He does not include any citations to the record or authorities in support, however, and has therefore abandoned this argument. *See* Fed. R. App. P. 28(a)(8)(A); *Soadjede*, 324 F.3d at 833. In any event, the record demonstrates that the BIA did not rely on this finding in holding that Hernandez failed to demonstrate exceptional and extremely unusual hardship.

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.