# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60413
Summary Calendar

———————

Claudia Evelyn Sosa-Espinal; Dailyn Gabriela Romero-Sosa,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 901 655,
A208 901 656

———————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Claudia Evelin Sosa-Espinal and Dailyn Gabriela Romero-Sosa, her minor daughter, natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' (BIA) affirming an immigration judge's (IJ) denial of Sosa-Espinal's application for asylum, which listed Romero-Sosa as

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a derivative beneficiary, and their separate applications for withholding of removal and protection under the Convention Against Torture (CAT). (Romero-Sosa's separate application was premised on the same facts and evidence introduced in Sosa-Espinal's case. Accordingly, any subsequent reference to Sosa-Espinal (Sosa) refers to the lead petitioner.) Sosa asserts she has established entitlement to relief from removal based on her former partner's acts of domestic violence in her native country of Honduras.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

To prevail on a claim for asylum or withholding of removal, an alien must establish, *inter alia*, that she suffered, or will suffer, persecution at the hands of the "government or forces that a government is unable or unwilling to control". *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citation omitted); *see also Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992). Along that line, an alien seeking withholding of removal must show it is "more likely than not" that officials would be unable or unwilling to protect her from persecution if she is repatriated. *Jaco v. Garland*, 24 F.4th 395, 401, 406–07 (5th Cir. 2021). Because withholding "is a higher standard than asylum", one who fails to show eligibility for asylum likewise fails to show eligibility for withholding. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

No. 24-60413

Where the persecutor is a non-government actor—as is the case here—the applicant must show that the government condoned the persecution or "demonstrate[d] complete helplessness" in combatting it. *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022) (citation omitted). An applicant's failure to report the persecution to authorities is not necessarily dispositive of whether he or she can show a government's inability or unwillingness to control private behavior, *see Matter of S-A-*, 22 I. & N. Dec. 1328, 1335 (BIA 2000), but it is a relevant factor in determining whether the applicant has satisfied the requisite burden. *E.g.*, *Tesfamichael*, 469 F.3d at 113 (outlining burden).

Sosa contends the BIA erred not only by determining she did not meet her burden to show the Honduran government's inability or unwillingness to control her persecutor, but also that it committed legal error by ignoring relevant evidence and testimony related to her failure to report the abuse to authorities.

The IJ found that Sosa suffered both persecution and torture during her 12-year relationship with her former partner, but nevertheless denied her asylum application because she failed to establish the Honduran government's inability or unwillingness to protect her from that persecution. Although the IJ credited the country-conditions evidence showing the Honduran government's ineffectiveness at combatting domestic violence, the IJ found that Sosa provided no evidence showing the government's inability or unwillingness to control her persecutor in relation to her specific circumstances. The BIA affirmed the IJ's determination.

As a threshold matter, the BIA did not err as a matter of law simply because it did not explicitly reference evidence explaining why Sosa did not report the abuse to authorities. The BIA acknowledged she experienced 12 years of "systemic domestic violence incidents" and referenced the country-

3

conditions evidence, which is the same evidence explaining her failure to report the abuse to authorities.  The BIA showed "meaningful consideration of the relevant substantial evidence supporting [her] claims"; it was not "required to address evidentiary minutiae or write any lengthy exegesis".  *Ndifon v. Garland*, 49 F.4th 986, 988 (5th Cir. 2022) (quoting *Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996)).

Moreover, because Sosa's failure to report her former partner's violence is based only on a subjective belief that reporting would be futile or result in reprisals and the authorities would not provide assistance because they are ineffective or corrupt, the evidence does not *compel*, as required, a conclusion contrary to that of the BIA.  *See Sanchez-Amador*, 30 F.4th at 534 ("[O]ne would be hard-pressed to find that the authorities were unable or unwilling to help her if she never gave them the opportunity to do so."); *see also Mejia-Alvarenga v. Garland*, 95 F.4th 319, 325 (5th Cir. 2024).

As discussed *supra*, Sosa's failure to establish the Honduran government's inability or unwillingness to protect her is dispositive of her asylum claim.  *See Jaco*, 24 F.4th at 406–07.  And, as noted, because she fails to establish her eligibility for asylum, she and Romero-Sosa necessarily fail to establish eligibility for withholding of removal.  *See Efe*, 293 F.3d at 906.

Turning to petitioners' CAT claims, they "must show (1) it more likely than not that [they] will be tortured upon return to [their] homeland; and (2) sufficient state action involved in that torture".  *Tabora Gutierrez v. Garland*, 12 F.4th 496, 503 (5th Cir. 2021) (citation omitted).  Petitioners fail to do so.

The BIA denied relief under CAT because petitioners' contentions were based on a series of suppositions, and they failed to establish that each supposition was more likely than not to occur.  Importantly, petitioners' counseled brief does not address the correctness of the BIA's reliance on

No. 24-60413

*Matter of J-F-F-*, 23 I. & N. Dec. 912, 917–18 (U.S. Att'y Gen. 2006), and counseled briefs are not entitled to liberal construction, *see Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Moreover, petitioners' brief does not include the causal-chain analysis required by *Matter of J-F-F-.* 23 I. & N. Dec. at 917–18 (relying on a chain of suppositions of harm is insufficient to demonstrate the more-likely-than-not burden for relief under CAT). By failing to address the BIA's reasons for denying CAT relief, petitioners have waived review of that issue. *See Parada-Orellana v. Garland*, 21 F.4th 887, 892 (5th Cir. 2022); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

DENIED.