# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2025

Lyle W. Cayce
Clerk

No. 24-60186
Summary Calendar

Rodrigo Linares-Rivas,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 605 137

Before Elrod, *Chief Judge*, and King and Graves, *Circuit Judges*.
Jennifer Walker Elrod, *Chief Judge*:

Rodrigo Linares-Rivas has been ordered removed from the United States to Mexico. He now petitions for review of the Board of Immigration Appeals' decision to uphold the immigration judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Binding precedent requires us to DISMISS the petition in part for lack of jurisdiction to review the agency's discretionary denial of Linares-Rivas's application for

No. 24-60186

cancellation of removal.[1]  We DENY the petition in part as to the ineffective assistance of counsel claim not initially raised before the BIA.

I

Linares-Rivas, a native and citizen of Mexico, entered the United States in 1996.  In 2016, while in state custody for driving without a license with prior convictions, Linares-Rivas was subjected to removal proceedings. He conceded removability as charged.

Linares-Rivas then applied for cancellation of removal under § 1229b(b)(1), claiming that his removal would cause exceptional and extremely unusual hardship to his two sons, who are United States citizens. Linares-Rivas's application included no supporting documentation and upon objection from the government, the immigration judge requested that evidence be submitted by January 2018.  The immigration judge scheduled a hearing for April 2018.

Linares-Rivas's initial counsel submitted supplemental evidence for the claims in March 2018.  This evidence was untimely, but the immigration judge still considered it.  Thereafter, Linares-Rivas's initial counsel ceased work on his case.  At the April hearing, Linares-Rivas appeared with new counsel who had been hired about ten days earlier.  Counsel indicated that he was ready to proceed with the case but sought a continuance to file additional evidence supporting Linares-Rivas's application, even though the deadline to do so had passed, and faulted previous counsel for missing the filing deadlines and failing to provide evidence.  The immigration judge admitted the evidence that had been submitted in March without objection from the government, but he did not grant the continuance.  Determining that Linares-

---

[1] To the extent that Linares-Rivas raises claims about the agency's application of the statutory eligibility requirements, those arguments are futile, as explained below.

Rivas did not satisfy the requirements for making an ineffective assistance of counsel claim, the immigration judge proceeded with the hearing.

Linares-Rivas was the sole witness and testified about the hardship his family would face upon his removal.  The immigration judge found Linares-Rivas credible and accepted his characterization of the facts.  But the immigration judge denied Linares-Rivas's application, concluding that "there are negative factors that argue against the favorable exercise of discretion."  Linares-Rivas had two DWI convictions, admitted to frequently driving without a license for many years, and did not provide evidence that he had paid taxes during his lengthy time living in the United States.

Linares-Rivas appealed to the BIA, raising a number of issues, including ineffective assistance of counsel and the denied continuance.[2]  Before any briefing was filed, the BIA determined that a portion of the immigration judge's decision was missing and remanded the case to remedy the discrepancy.

The immigration judge held a hearing in September 2019 and, with the parties' agreement, provided a complete decision based on the record made in the prior hearings.  At the September 2019 hearing, the immigration judge denied the cancellation application on two grounds.  First, the immigration judge found that Linares-Rivas was statutorily ineligible for cancellation of removal because he failed to show that his removal would result in the requisite hardship to either of his children.  Second, the immigration judge denied cancellation of removal as a matter of discretion, finding that a favorable exercise of discretion was not warranted.  The decision stated that ineffective assistance of counsel did not influence the

_____

[2] We need not reach the merits of his other claims.  *See supra* note 1.

immigration judge's determination, but the immigration judge did not make a ruling on whether prior counsel was ineffective.

The case then returned to the BIA. Linares-Rivas's briefing before the BIA did not raise the issues of ineffective assistance of counsel or the denied continuance, but it did raise other issues about cancellation of removal. In March 2024, the BIA affirmed the immigration judge's decision. Linares-Rivas timely petitioned for review.

## II

"We review the BIA's decision and consider the [immigration judge]'s decision only to the extent it influenced the BIA." *Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). Questions of law are reviewed *de novo*. *Id*.

We begin with the question of jurisdiction. While we have jurisdiction to review "constitutional claims" and "questions of law" under 8 U.S.C. § 1252(a)(2)(D), we lack jurisdiction to review the agency's discretionary decision to grant or deny cancellation of removal, *see* § 1252(a)(2)(B)(i); *see also Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024).

To explain why, we must first explain how the cancellation of removal statute works. Applying for cancellation of removal is a two-step process. First, the applicant must show that he "satisfies the applicable [statutory] eligibility requirements." *Wilkinson*, 601 U.S. at 213 (quoting 8 U.S.C. § 1229a(c)(4)(A)). The statute requires proof of "good moral character" and "exceptional and extremely unusual hardship," among other criteria. *See* § 1229b(b)(1)(A)–(D). Second, the applicant must demonstrate that he "merits a favorable exercise of discretion" to be awarded relief. *Wilkinson*, 601 U.S. at 213 (quoting § 1229a(c)(4)(A)); *see Perez v. Garland*, 67 F.4th 254, 257 (5th Cir. 2023). In other words, even if the applicant meets the

eligibility requirements, his application may still be denied as a matter of discretion. *See Wilkinson*, 601 U.S. at 212–13; *Perez*, 67 F.4th at 257.

According to Linares-Rivas, the agency erred regarding the eligibility requirements of good moral character under § 1229b(b)(1)(B) and hardship under § 1229b(b)(1)(D). But the agency's denial of cancellation of removal as a matter of discretion did not rely on whether he satisfied those statutory elements. Thus, Linares-Rivas's arguments do not raise a colorable legal question about the agency's discretionary denial. Because that discretionary decision is unreviewable and dispositive of his application for cancellation of removal, we do not reach the merits of his arguments about hardship and good moral character. *See Wilkinson*, 601 U.S. at 212–13, 225 n.4; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Nor do we consider Linares-Rivas's claims about ineffective assistance of counsel. Linares-Rivas argues that the immigration judge erroneously mandated that he satisfy the requirements under *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), before raising an ineffective assistance of counsel claim regarding his previous counsel. He also contends that the immigration judge should have granted a continuance to allow him to (1) fully pursue the ineffective assistance of counsel claim and (2) file supplemental evidence to cure previous counsel's deficiencies. The government asserts that these arguments are unexhausted under § 1252(d)(1).

Although Linares-Rivas couches his arguments "in terms of a due process violation," the exhaustion requirement applies to them because they raise claims of procedural errors correctable by the BIA. *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389–90 (5th Cir. 2001); *Roy v. Ashcroft*, 389 F.3d 132,

136–37 (5th Cir. 2004). Linares-Rivas's appellate brief in the BIA did not raise the issues of ineffective assistance of counsel or the immigration judge's denial of a continuance.

For purposes of exhaustion, Linares-Rivas's appellate brief superseded his notice of appeal and became "the operative document" for raising issues that he wished to be considered. *Claudio v. Holder*, 601 F.3d 316, 318–19 (5th Cir. 2010). Because Linares-Rivas's arguments were not fairly presented to the BIA in his appellate brief, they are unexhausted under § 1252(d)(1), and we do not reach those arguments here. *See id.*; *Medina Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

That leaves Linares-Rivas's contention that the BIA failed to address the ineffective assistance of counsel claim raised in his notice of appeal. Because that argument raises an error stemming from the BIA's decision, § 1252(d)(1) does not preclude its review. *See Medina Carreon*, 71 F.4th at 252. However, the BIA was not required to consider issues listed in Linares-Rivas's notice of appeal but not raised in his subsequent appellate brief. *See Claudio*, 601 F.3d at 319; *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 n.2 (B.I.A. 2018). Therefore, Linares-Rivas's argument is unavailing.

*      *      *

Accordingly, we DISMISS the petition in part for lack of jurisdiction to review the agency's discretionary denial of cancellation of removal and DENY in part as to the unexhausted ineffective assistance of counsel claim.