# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2025

Lyle W. Cayce
Clerk

No. 24-60461
Summary Calendar

Marta Lopez Marroquin; Henry A. Perez Lopez,

*Petitioners,*

*versus*

Pamela Bondi, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 795 357,
A209 795 358

Before Jones, Dennis, and Southwick, *Circuit Judges.*

Per Curiam:[*]

Marta Lopez Marroquin and her minor son, natives and citizens of Guatemala, petition for review of a decision by the Board of Immigration Appeals (BIA) affirming the order of an Immigration Judge (IJ) denying Lopez Marroquin's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners do not

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenge the BIA's finding that their asylum application was untimely. Thus, we need only consider Lopez Marroquin's claims for withholding of removal and CAT protection.[1]

"We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA." *Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). Questions of law are reviewed de novo. *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018). The BIA's factual determination that an individual is not eligible for withholding of removal or CAT protection is reviewed under the substantial evidence standard. *Id.*

An applicant for withholding of removal must show that he or she more likely than not would be persecuted in the country of removal on account of a protected ground, such as membership in a particular social group. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023); 8 U.S.C. § 1231(b)(3). An applicant cannot make the requisite showing regarding future persecution if the applicant could avoid the threat of future persecution "by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(2). Because Lopez Marroquin alleges a threat of future persecution at the hands of private actors, there is a "presumption that internal relocation would be reasonable unless the applicant establishes, by a preponderance of the evidence, that it would be unreasonable to relocate." § 1208.16(b)(3)(iii).

---

[1] Lopez Marroquin named her minor son, Henry A. Perez Lopez, as a derivative claimant in her asylum application. Because Petitioners do not challenge the denial of their asylum application as untimely, and Perez Lopez did not file a separate application, he is not eligible for withholding of removal or relief under CAT. *See Arif v. Mukasey*, 509 F.3d 677, 682 (5th Cir. 2007) (holding that withholding of removal does not extend to derivative beneficiaries); *Rangel v. Garland*, 100 F.4th 599, 610 n.14 (5th Cir. 2024) ("CAT does not provide for derivative beneficiaries.").

Although asylum and withholding of removal claims have applicable burden-shifting provisions regarding the possibility of internal relocation, CAT claims do not. *See* §§ 1208.13, 1208.16. Rather, an individual seeking CAT protection has the burden of proving, *inter alia*, that they would more likely than not be tortured if returned to their country. *See Tibakweitira v. Wilkinson*, 986 F.3d 905, 911 (5th Cir. 2021). Any evidence that the individual could safely relocate internally is simply one factor considered in evaluating the likelihood of torture. *See id.*; § 1208.16(c).

Lopez Marroquin's argument that the BIA erroneously found that she waived review of the IJ's finding that she could relocate in Guatemala to avoid persecution or torture lacks merit. Her BIA brief did not address whether she could relocate, whether relocation would be reasonable, and which party had the burden of proof with respect to those issues. *See* § 1208.16(b)(2); (c)(2); *Tibakweitira*, 986 F.3d at 911; *Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020). We will not review the BIA's finding of waiver. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020).

The ability to relocate in Guatemala is dispositive of Lopez Marroquin's withholding of removal claim. *See* § 1208.16(b)(2); *Munoz-Granados*, 958 F.3d at 407. The BIA arguably erred in considering Lopez Marroquin's ability to relocate as outcome determinative of her CAT claim because that is but one consideration. *See Tibakweitira*, 986 F.3d at 911; § 1208.16(b), (c). However, Lopez Marroquin's counseled brief only adverts to this issue; it does not fully brief it or otherwise argue that she is entitled to CAT protection. Accordingly, she has waived this challenge to the denial of her CAT claim. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010). We do not consider Lopez Marroquin's remaining arguments with respect to these forms of relief. *Munoz-De Zelaya*, 80 F.4th at 693–94; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[C]ourts and agencies are not

required to make findings on issues the decision of which is unnecessary to the results they reach.").

Accordingly, the petition for review is DENIED.