# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2023

Lyle W. Cayce
Clerk

No. 23-60102

Yemiel Delgado-Victorio,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Appeal from the Board of Immigration Appeals
Agency No. A091 195 772

Before Davis, Southwick, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

Yemiel Delgado-Victorio, a native and citizen of Mexico, was ordered removed based on a Texas conviction for aggravated sexual assault with a deadly weapon. Delgado-Victorio now petitions for review of the decision of the Board of Immigration Appeals determining his removability and denying his request for continuance. We hold that aggravated sexual assault with a deadly weapon under Texas law is a crime of violence and thus an aggravated felony for purposes of federal immigration law. We accordingly deny the petition for review.

\* \* \*

We review the immigration judge's decision to the extent it influenced the Board. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review legal questions *de novo* and denials of continuance motions for abuse of discretion. *Garcia v. Barr*, 969 F.3d 129, 132 (5th Cir. 2020); *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006).

Aliens become removable when they are convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" includes any "crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). A crime of violence is defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The Supreme Court has instructed that these crimes must be committed with a *mens rea* of knowledge or intent. *Borden v. United States*, 141 S. Ct. 1817, 1821–22, 1825 (2021).

The Board, relying on the immigration judge, correctly concluded that Delgado-Victorio's offense constituted an aggravated felony.[1] Aggravated sexual assault with a deadly weapon under Texas law is clearly a crime of violence. To be convicted, an individual must "intentionally or knowingly" cause unwanted sexual penetration or contact and "use[] or exhibit[] a deadly weapon" while doing so. TEX. PENAL CODE § 22.021(a)(1)(A) & (2)(A)(iv). *See also Patterson v. State*, 769 S.W. 2d 938, 941 (Tex. Ct. Crim. App. 1989) (en banc) ("Thus, 'used . . . a deadly weapon' during the commission of the offense means that the deadly weapon was employed or

---

[1] Delgado-Victorio challenges the Board's finding that he was convicted of aggravated sexual assault with a deadly weapon. The judgment of conviction relied upon by the Board clearly states that he was convicted of "agg[ravated] sexual assault with a deadly weapon," which falls under the subsections the Board found him convicted of violating.

No. 23-60102

utilized in order to achieve its purpose. . . . '[E]xhibited a deadly weapon' means that the weapon was consciously shown or displayed during the commission of the offense.") (some omissions in original).  See also *McCain v. State*, 22 S.W. 3d 497, 502 (Tex. Ct. Crim. App. 2000) (en banc) ("a person 'uses or exhibits a deadly weapon' . . . if he employs the weapon in any manner that 'facilitates the associated felony.'").  The Texas offense thus requires the use or attempted use of physical force, qualifying it as an aggravated felony.  18 U.S.C. § 16(a).  By being convicted, Delgado-Victorio became removable.  8 U.S.C. § 1227(a)(2)(A)(iii).

Delgado-Victorio's challenge to the Board's denial of his motion for continuance also lacks merit.  Delgado-Victorio asserts that the Board abused its discretion by affirming the immigration judge's conclusion that he lacked "good cause" for a continuance.  But immigration judges may consider a wide range of factors when determining whether good cause exists.  *See Matter of L-A-B-R-*, 27 I&N Dec. 405, 413, 415 (Att'y Gen. 2018).  The immigration judge cited a number of factors, including Delgado-Victorio's criminal history.  We therefore decline to find an abuse of discretion.

For the foregoing reasons, we deny Delgado-Victorio's petition for review.