# United States Court of Appeals for the Fifth Circuit

No. 23-60100

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2024

Lyle W. Cayce
Clerk

Vicente David Cuenca-Arroyo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the Board of Immigration Appeals
Agency No. A212 946 953

_____

Before Elrod, *Chief Judge*, and Smith and Graves, *Circuit Judges*.

Per Curiam:

Vicente David Cuenca-Arroyo seeks review of three Board of Immigration Appeals determinations: one affirming denial of his application for cancellation of removal, another affirming denial of his application for voluntary departure, and a third affirming denial of a motion for continuance he sought in the underlying proceedings.  Because we agree with the BIA's cancellation-of-removal decision, do not have jurisdiction to review its voluntary-departure decision, and determine that the BIA did not abuse its discretion in affirming the immigration judge's continuance decision, Cuenca-Arroyo's petition is DENIED in part and DISMISSED in part.

No. 23-60100

I

Cuenca-Arroyo is a native and citizen of Mexico. His family brought him to the United States when he was eight years old, but he was neither admitted nor paroled upon entry.

Cuenca-Arroyo has a minor son, B.A., who is a United States citizen. While B.A. primarily resides with his mother, he spends weekends with Cuenca-Arroyo, who also regularly visits him during the week and assists with tasks like B.A.'s homework.

In 2017, the Department of Homeland Security initiated removal proceedings against Cuenca-Arroyo, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Cuenca-Arroyo conceded the charge to an immigration judge, who, in turn, found him removable.

Seeking relief from that finding, Cuenca-Arroyo applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1) ("exceptional and extremely unusual hardship" to qualifying relatives) and, in the alternative, post-conclusion voluntary departure under 8 U.S.C. § 1229c(b) (reserved for individuals "of good moral character").

Before his merits hearing, Cuenca-Arroyo moved for a continuance. He informed the immigration judge (by handing up a smartphone with a screenshot of a receipt notice) that his parents had begun the process of adjusting their immigration status such that they would become legal permanent residents. If approved, Cuenca-Arroyo would be able to claim them as additional qualifying relatives for his cancellation-of-removal application. *See* 8 U.S.C. § 1229b(b)(1)(D). The immigration judge denied the motion, finding that Cuenca-Arroyo had not presented enough information to justify a continuance, and ultimately denied both applications for relief.

Cuenca-Arroyo appealed these decisions to the BIA, which affirmed all three. First, it "agree[d] with the Immigration Judge that good cause was not established" for Cuenca-Arroyo's continuance. Second, it affirmed the immigration judge's cancellation-of-removal determination because the types of hardships to his son that Cuenca-Arroyo demonstrated "would be common and normal" and not "exceptional and extremely unusual." And third, it agreed with the immigration judge that Cuenca-Arroyo did not show "that he merits voluntary departure as a matter of discretion" based on the equities. The BIA accordingly dismissed Cuenca-Arroyo's appeal.

## II

"Congress has sharply circumscribed judicial review of the discretionary-relief process" for immigration cases like Cuenca-Arroyo's. *Patel v. Garland*, 596 U.S. 328, 332, 336–37 (2022). We may not review "any judgment regarding the granting of relief" under, *inter alia*, 8 U.S.C. § 1229b or § 1229c. 8 U.S.C. § 1252(a)(2)(B)(i). This prohibition "encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief." *Patel*, 596 U.S. at 339 (quoting § 1252(a)(2)(B)(i)). "That plainly includes factual findings." *Id.*

Even so, 8 U.S.C. § 1252(a)(2)(D) restores our jurisdiction to review "constitutional claims or questions of law" that § 1252(a)(2)(B)(i) would otherwise foreclose. *Wilkinson v. Garland*, 601 U.S. 209, 218 (2024) (quoting § 1252(a)(2)(D)). This exception encompasses not just pure questions of law but also "[m]ixed questions of law and fact, even when they are primarily factual." *Id.* at 225.

For determinations that fall within our appellate jurisdiction, we "review only the BIA's decision, 'unless the [immigration judge]'s decision ha[d] some impact on the BIA's decision.'" *Orellana-Monson v. Holder*, 685

No. 23-60100

F.3d 511, 517 (5th Cir. 2012) (quoting *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009)).

Here, Cuenca-Arroyo reasserts the three arguments that he made before the BIA. We address his two substantive claims, which concern his applications for cancellation of removal and voluntary departure, before considering his procedural argument.

A

First, Cuenca-Arroyo's cancellation-of-removal argument. In *Wilkinson*, the Supreme Court clarified that § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" standard is a mixed question of law and fact subject to our review under § 1252(a)(2)(D). 601 U.S. at 222–25. Such "review is deferential" because the "mixed question is primarily factual." *Id.* at 225.[1]

Cuenca-Arroyo challenges the BIA's determination that he failed to establish the "exceptional and extremely unusual hardship" required for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). He asserts that his removal would cause his son, a qualifying relative under that statute, exceptional hardship due to their close relationship, his active involvement in his son's upbringing, circumstances surrounding his son's physical health,

---

[1] *Wilkinson* instructs that our review of such mixed questions must be "more deferential" than our review of pure questions of law. 601 U.S. at 222. But it did not otherwise "specify the proper standard of review for this hardship determination." *Netro Gonzalez v. Garland*, No. 23-60139, 2024 WL 4371177, at *2 (5th Cir. Oct. 2, 2024) (citing *Wilkinson*, 601 U.S. at 225); *accord Santibanez-Sanchez v. Garland*, No. 21-60958, 2024 WL 4471737, at *2 (5th Cir. Oct. 11, 2024) (calling it an "open question"). We need not determine exactly what degree of deference we owe, though, because we agree with the BIA's determination even without it. *See Netro Gonzalez*, 2024 WL 4371177, at *2–3; *see also Santibanez-Sanchez*, 2024 WL 4471737, at *2 (declining to "name a particular standard" and collecting cases applying "a more general deferential perspective").

and the potential psychological impact of separation. Cuenca-Arroyo emphasizes that he shares custody with his son's mother and that he is significantly involved in his son's life, especially as a provider of emotional and financial support.

The BIA affirmed the immigration judge's determination that Cuenca-Arroyo failed to demonstrate the requisite hardship. It noted that B.A. resides primarily with his mother, who would continue to provide care and support. While acknowledging Cuenca-Arroyo's involvement, the BIA concluded that the hardships presented, including emotional and financial difficulties, were common consequences of removal and did not rise to the statutory standard. The BIA also considered that Cuenca-Arroyo did not provide evidence of any current medical issues requiring special care for his son.

Even without deference, we agree with the BIA's determination that Cuenca-Arroyo has not demonstrated sufficient hardship. *See Netro Gonzalez v. Garland*, No. 23-60139, 2024 WL 4371177, at *3 (5th Cir. Oct. 2, 2024). As unfortunate as the emotional, psychological, medical, and financial hardships that Cuenca-Arroyo identifies may be, they are also, as the BIA correctly noted, "common and normal" consequences of an ordinary removal. Cuenca-Arroyo has not demonstrated that his removal would effect any hardship "substantially different from or beyond that which would ordinarily be expected from the deportation of a close family member." *Id.* (quoting *Wilkinson*, 601 U.S. at 222). Accordingly, we deny the petition regarding the BIA's cancellation-of-removal determination. *See id.*

B

Next, we turn to Cuenca-Arroyo's voluntary-departure argument. We generally lack jurisdiction to review the BIA's discretionary decisions

regarding voluntary departure. *Carreon v. Garland*, 71 F.4th 247, 256 (5th Cir. 2023) (citing *Patel*, 596 U.S. at 338); *see Wilkinson*, 601 U.S. at 222 ("Under *Patel*, of course, a court is still without jurisdiction to review a factual question raised in an application for discretionary relief."). Cuenca-Arroyo challenges the BIA's denial of his request for voluntary departure under 8 U.S.C. § 1229c(b), arguing that it improperly relied on allegations of "tax fraud" without sufficient legal basis.[2] Recognizing that we do not have jurisdiction to review the BIA's exercise of its discretion, he contends that the BIA erred by characterizing discrepancies in his tax filings as "tax fraud" without proper legal analysis or citation to relevant authority.

Upon review, we find that the BIA's reference to "tax fraud" was not a legal conclusion that Cuenca-Arroyo committed the criminal offense of tax fraud under federal law. That is, the BIA did not draw this conclusion after application of some legal principle found in a tax statute or otherwise. Rather, it simply used the phrase as shorthand to describe Cuenca-Arroyo's misrepresentations on tax filings, such as claiming a dependent nephew residing in Mexico who did not qualify under U.S. tax law and reporting farm income and losses without actually owning or operating a farm. These misrepresentations reflect adversely on his credibility and character, which are relevant factors in the discretionary analysis for voluntary departure. *See In re Gamboa*, 14 I&N Dec. 244, 248 (BIA 1972). Indeed, the BIA cited the *Gamboa* case in this section of its analysis. And while it did use the phrase "tax fraud," it used that phrase only once. In other parts of this same discussion, the opinion uses the phrases "tax issues" and "tax returns." The

_____

[2] Though initially framed as an appeal of the BIA's decision, the body of Cuenca-Arroyo's argument levies its attack against the immigration judge's decision. But as we noted above, when "the BIA issue[s] its own opinion and elaborate[s] on its own reasoning . . . this court must review the BIA's decision." *Orellana-Monson*, 685 F.3d at 517.

use of these varied phrases suggests that the BIA was considering Cuenca-Arroyo's character and honesty more broadly rather than specific violations of particular provisions of the tax code.

While perhaps imprecise, the BIA's characterization of Cuenca-Arroyo's misrepresentations as "tax fraud" does not constitute a legal error affecting the validity of its decision. Instead, it is a summarization of the BIA's factual findings, which we do not have jurisdiction to review. *Patel*, 596 U.S. at 339; *Wilkinson*, 601 U.S. at 222. Cuenca-Arroyo has therefore failed to demonstrate that the BIA committed reviewable error in its denial of voluntary departure. *Carreon*, 71 F.4th at 254 & n.6.

## C

Last, Cuenca-Arroyo argues that the BIA erred by affirming the denial of his motion for a continuance, which he claims prevented him from including his parents as additional qualifying relatives for cancellation of removal. We have not addressed our jurisdiction to review continuance determinations after *Patel* and *Wilkinson*.[3] But we need not determine today whether § 1252(a)(2)(B)(i) forecloses our jurisdiction over such decisions (or whether § 1252(a)(2)(D) restores it) because we would not grant the relief Cuenca-Arroyo seeks even if we were able to.

On the occasions that we have reviewed BIA continuance determinations, we have reviewed them for an abuse of discretion. *E.g.*,

---

[3] It appears that, at least after *Patel*, three of our sister circuits have. *Compare Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1293–95 (9th Cir. 2024) (concluding that § 1252(a)(2)(B)(i) "applies to factual judgments made in the course of ruling on procedural motions" like continuance determinations), *with Agard v. Garland*, 2024 WL 1433337, at *1–2 (2d Cir. Apr. 3, 2024) (disagreeing because *Patel* "did not directly address decisions made prior to 'the granting or denying of discretionary relief'" (quoting *Patel*, 596 U.S. at 337)), *and Alkotof v. U.S. Att'y Gen.*, 106 F.4th 1289, 1299 (11th Cir. 2024) (following pre-*Patel* Eleventh Circuit caselaw).

No. 23-60100

*Delgado-Victorio v. Garland*, 88 F.4th 630, 632 (5th Cir. 2023); *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006). That standard is "highly deferential." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). Indeed, we have said that a discretionary decision "is not to be disturbed 'so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Id.* (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)). Cuenca-Arroyo's mere disagreement with the BIA's determination does not rise to this level. The BIA, at the very least, utilized a "perceptibl[y] rational approach" in weighing the *In re L-A-B-R-*, 27 I&N Dec. 405 (AG 2018), factors. *See Delgado-Victorio*, 88 F.4th at 632. Thus, we cannot say that the BIA abused its discretion in affirming the immigration judge's denial of Cuenca-Arroyo's motion for a continuance.

## III

We uphold the BIA's determination that Cuenca-Arroyo is not eligible for cancellation of removal, we conclude that we do not have jurisdiction to review its voluntary-departure denial, and we conclude that it did not abuse its discretion in affirming the immigration judge's continuance denial. Accordingly, Cuenca-Arroyo's petition for review is DISMISSED in part and DENIED in part.

No. 23-60100

Jennifer Walker Elrod, *Chief Judge*, concurring:

The *per curiam* opinion follows a long line of cases in which we have reviewed the BIA's continuance determinations for an abuse of discretion. *Ante* at 7–8. I write separately to explain why, if we were writing on a blank slate,[1] I would conclude that we do not have jurisdiction to review such decisions.

I

8 U.S.C. § 1252(a)(2)(B)(i) precludes our "jurisdiction to review" "any judgment regarding the granting of relief under," among other provisions, 8 U.S.C. § 1229b. I would conclude that *Patel*'s "expansive" reading of § 1252(a)(2)(B)(i) bars our jurisdiction to review continuance determinations like Cuenca-Arroyo's. *See Patel v. Garland*, 596 U.S. 328, 338

---

[1] I agree with the panel opinion's decision to exercise jurisdiction out of an abundance of deference to our Rule of Orderliness. But our caselaw is not so clear. Our published cases indicating that we do have jurisdiction to review continuance determinations can all be sorted into two buckets: cases that did not trigger § 1252(a)(2)(B)(i)'s jurisdictional bar and cases that did not evaluate whether we had jurisdiction. In the first, § 1252(a)(2)(B)(i)'s jurisdictional bar simply did not apply because the continuance determination did not implicate any of the five statutes for which Congress has divested us of jurisdiction. *See, e.g.*, *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 467 (5th Cir. 2005) (relating to § 1182(a)(6)(A)(i)); *Witter v. INS*, 113 F.3d 549, 552 n.4 (5th Cir. 1997) (relating to §§ 1182(a)(6)(C)(i), 1182(a)(6)(E)(i), 1252(a)(1)(G)(ii)); *Zhao v. Gonzales*, 404 F.3d 295, 299 (5th Cir. 2005) (relating to § 1182(a)(6)(C)(ii)); *Ahmed v. Gonzalez*, 447 F.3d 433, 435 (5th Cir. 2006) (relating to § 1227(a)(1)(B)). And the other cases simply did not consider whether exercising jurisdiction would have been proper in the first place. *See, e.g.*, *Ramchandani v. Gonzales*, 434 F.3d 337, 338–40 (5th Cir. 2005); *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006); *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008); *Wu v. Holder*, 571 F.3d 467, 468 (5th Cir. 2009); *Hammerschmidt v. Garland*, 54 F.4th 282, 290–91 (5th Cir. 2022); *Delgado-Victorio v. Garland*, 88 F.4th 630, 632 (5th Cir. 2023). The first set does not tell us whether we have jurisdiction to review a continuance determination when it does relate to one of § 1252(a)(2)(B)(i)'s enumerated provisions. And the second is no more helpful because the mere exercise of jurisdiction does not mean that it was proper in the first place. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998).

(2022). *Patel* instructs that § 1252(a)(2)(B)(i) means what it says: its "prohibition encompasses *any and all* decisions relating to the granting or denying of discretionary relief" under its enumerated statutes. *Id.* at 337 (emphasis added) (internal quotation marks omitted). And I do not doubt that a decision to continue a § 1229b proceeding "relat[es] to" that proceeding. *See id.* at 339. Without a continuance, a petitioner might not be able to present additional evidence or await the adjudication of collateral applications that might affect his or her eligibility for relief. *Cf. Perez v. Garland*, 67 F.4th 254, 257 (5th Cir. 2024) (reasoning, before *Wilkinson*, that we "lack jurisdiction to review the BIA's decision not to remand to the [immigration judge] to consider new evidence").

*Patel* emphasized that § 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions" relating to § 1229b—it "applies to judgments of whatever kind . . . not just discretionary judgments or the last-in-time judgment." 596 U.S. at 338–39 (internal quotation marks omitted). A decision to deny a continuance in a § 1229b proceeding being a "judgment[] of whatever kind" that relates to that provision, I would hold that we do not have jurisdiction to review it.

II

I would also conclude that § 1252(a)(2)(D) does not restore our jurisdiction to review these continuance determinations because they do not involve the application of a legal standard that we could review. *See Wilkinson*, 601 U.S. at 221–22, 225; *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010). After the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001), Congress enacted § 1252(a)(2)(D) to ensure our jurisdiction over constitutional claims, questions of law, and "[m]ixed questions of law and fact, even when they are primarily factual." *Wilkinson*, 601 U.S. at 217–19 & n.3. But a mixed question still involves "the application of a legal

standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227–28 (2020) (citing *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 395–96 (2018)); *see also Wilkinson*, 601 U.S. at 217. That means that § 1252(a)(2)(D) restores our jurisdiction to review immigration decisions only when there is a legal standard to apply. *See also Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) ("[T]his court lacks jurisdiction to review the BIA's discretionary decision . . . because there is no legal standard against which to judge that decision." (internal quotation marks omitted)).

Immigration judges "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29. This good-cause standard does not provide a legal standard with which we can review a decision as a mixed question of fact and law. *Compare Guerrero-Lasprilla*, 589 U.S. 226–28 (2020) (whether petitioners exercised due diligence provided a sufficiently legal standard), *and Wilkinson*, 601 U.S. at 221 ("[T]he 'exceptional and extremely unusual hardship' standard . . . is a legal standard that an [immigration judge] applies to facts."), *with id.* at 225 n.4 ("[An immigration judge's] step-two discretionary determination on whether or not to *grant* cancellation of removal . . . is not reviewable as a question of law."), *and Bouarfa v. Mayorkas*, No. 23-583, --- S. Ct. ---, 2024 WL 5048700, at *5 (U.S. Dec. 10, 2024) (characterizing the "for what he deems to be good and sufficient cause" standard under 8 U.S.C. § 1155 as placing "no condition" upon the exercise of discretion).

Indeed, in *Bouarfa*, the statement that § 1155's parallel good-and-sufficient-cause standard did not implicate § 1252(a)(2)(D) warranted no further explanation than a footnote that "[t]he parties agree" with this conclusion. *See Bouarfa*, 2024 WL 5048700, at *3 n.2. I agree too. Because we cannot review a good-cause determination for the application (or

misapplication) of a legal standard, § 1252(a)(2)(D) does not permit us to review the BIA's continuance determinations.

*    *    *

With § 1252(a)(2)(B)(i), Congress stripped our jurisdiction to review continuance determinations when those decisions pertain to one of its five enumerated statutes.    And it did not restore that jurisdiction with § 1252(a)(2)(D), at least when there is no discernable standard against which we might compare the immigration judge's exercise of his discretion. Accordingly, if we were deciding the issue in the first instance, I would conclude that we may not review Cuenca-Arroyo's challenge to the denial of his motion for a continuance.