# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2025

Lyle W. Cayce
Clerk

No. 24-60638
Summary Calendar

———————————

Cesar Ignacio Prieto,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A214 905 873

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Cesar Ignacio Prieto, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) order dismissing his appeal and affirming the immigration judge's denial of Prieto's application for cancellation of removal. Prieto challenges the order and argues that his due process rights were infringed by the BIA's failure to properly consider the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

evidence before it. Because we agree with the BIA's cancellation-of-removal determination and find that Prieto's due process claim is foreclosed, we DENY Prieto's petition for review.

I

A person seeking cancellation of removal must show, inter alia, that his removal from the United States "would result in exceptional and extremely unusual hardship to" a qualifying relative, including a minor child or spouse who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D); 8 U.S.C. § 1101(b)(1) (defining child); *see Wilkinson v. Garland*, 601 U.S. 209, 215 (2024). Although we lack jurisdiction to consider the factual findings underlying a decision on cancellation, we may review the application of the exceptional and extremely unusual standard to a given set of facts as a question of law. *Wilkinson*, 601 U.S. at 212, 217, 225. Such "review is deferential" because the question, although mixed, is "primarily factual." *Id.* at 225.

Here, we conclude that the BIA did not err in finding that Prieto did not demonstrate the "exceptional and extremely unusual hardship" required by § 1229b(b)(1)(D). Prieto asserts that his removal would cause such hardship because Prieto could not provide as well financially for his family in Mexico, his daughter—who would move to Mexico if Prieto were removed—would suffer emotionally and otherwise, and his wife—who would also move but likely spend significant time in the United States due to her work—would experience emotional and psychological hardship from their family's separation. Although unfortunate, these are the "common and normal consequences of an ordinary removal," not the exceptional circumstances warranting cancellation. *Cuenca-Arroyo v. Garland*, 123 F.4th 781, 785 (5th Cir. 2024) (internal quotation marks and citations omitted). The BIA's cancellation-of-removal determination was correct.

No. 24-60638

## II

Prieto also argues that the BIA violated his due process rights. His argument, while underdeveloped, appears to be that the BIA failed to consider the totality of evidence in assessing exceptional and extremely unusual hardship and, additionally, applied that standard improperly. But Prieto faces a threshold problem: cancellation of removal is a form of discretionary relief, *Santos-Zacaria v. Garland*, 598 U.S. 411, 426 (2023), the denial of which does not "rise to the level of constitutional violation," *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019) (quoting *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006)). Prieto's due process argument is unavailing.

\* \* \*

For the foregoing reasons, Prieto's petition for review is DENIED.