# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-60175
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2025

Lyle W. Cayce
Clerk

Pauline Tatyana Wandhala,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 220 393

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Pauline Tatyana Wandhala, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) denial of withholding of removal, protection under the Convention Against Torture (CAT), and special cancellation of removal under the Violence Against Women Act. Wandhala

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

argues that the BIA erred in affirming the IJ's adverse credibility determination, alternative denial of withholding on the merits, and CAT relief and cancellation of removal.

The BIA's determination that Wandhala was ineligible for withholding is reviewed for substantial evidence, and it may not be disturbed unless the evidence "*compels*" a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). The denial of CAT relief also is reviewed for substantial evidence, *id.*, as is the adverse credibility finding, *see Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). Because the BIA affirmed the IJ's decision, thus "essentially adopting" it, both decisions are before the court. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Wandhala's challenge to the adverse credibility finding lacks merit. The discrepancies among her testimony and original and amended withholding applications regarding the attempted female genital mutilation and circumcision that she claims to have endured were not minor and were material, as were the discrepancies between her testimony and her divorce decree. *See Avelar-Oliva*, 954 F.3d at 764 ("The IJ and BIA may rely on *any* inconsistency or omission in making an adverse credibility determination" as long as the applicant's lack of credibility is established by the totality of the circumstances and is "supported by specific and cogent reasons derived from the record." (internal quotation marks and citations omitted)). Further, neither the IJ nor the BIA was required to accept her explanations for the discrepancies. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 438 (5th Cir. 2020). Thus, the evidence does not compel the conclusion that Wandhala was credible. *See id.* at 438–39; *Avelar-Oliva*, 954 F.3d at 768–69.

The adverse credibility finding suffices to deny Wanhala's claim for withholding of removal. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th

Cir. 2021) (holding that an adverse credibility determination forecloses asylum); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) ("[F]ailure to establish eligibility for asylum is dispositive of claims for withholding of removal."). Where one of the grounds for denying relief is dispositive, we need not consider the remaining grounds for denying relief. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023).

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, it is more likely than not that she would be tortured by, or with the acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Given her lack of credible testimony, Wandhala must rely on independent evidence to establish her eligibility for CAT relief, but she cites neither her country conditions evidence nor her family members' affidavits. In any event, the inability of a government to protect its citizens does not amount to acquiescence to torture for purposes of the CAT. *See id.* at 229. Additionally, generalized information in country reports is insufficient to independently compel the conclusion that the requisite state action would be involved in any torture of Wandhala specifically. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Accordingly, the denial of CAT relief is supported by substantial evidence, and Wandhala's argument that the IJ and BIA committed legal error by failing to meaningfully consider the evidence adduced in support of her CAT claim is belied by the record.

We lack jurisdiction to review the IJ's findings that Wandhala could find gainful employment as a nurse in Kenya, Kenya was a hub of economic activity in Eastern Africa, and her healthy son could live with his father, who visited him three or four times a week; likewise, we lack jurisdiction to review the IJ's rejection of her claims that she would only make $8,000 per year,

would be psychologically devastated to be separated from her child, and would be unable to obtain counseling services if removed to Kenya. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 218, 225 (2024). Accordingly, to the extent that Wanhala challenges these factual findings, the petition is dismissed in part for lack of jurisdiction.

Given our deferential review, *see Cuenca-Arroyo v. Garland*, 123 F.4th 781, 784 & n.1 (5th Cir. 2024); *Sustaita-Cordova v. Garland*, 120 F.4th 511, 518-19 (5th Cir. 2024), we cannot say that the agency erred in finding that the undisputed facts do not establish that Wandala or her son would experience extreme hardship upon her repatriation to Kenya, *see Pena-Lopez v. Garland*, 33 F.4th 798, 806-07 (5th Cir. 2024) (stating that § 1229b(b)(1) cases provide guidance for 8 U.S.C. § 1229a(c)(7)(C)(iv) determinations, which require a showing of extraordinary circumstances or extreme hardship and concluding that the alien had not demonstrated either); *compare* 8 U.S.C. § 1229b(b)(2)(A)(v), *with* 8 U.S.C. § 1229a(c)(7)(C)(iv); *see Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64 (BIA 2001) (requiring hardship evidence to be considered individually and in the aggregate); *Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002) (stating that "the relative level of hardship a person might suffer cannot be considered entirely in a vacuum. It must necessarily be assessed, at least in part, by comparing it to the hardship others might face.").

Wandhala also argues that her right to due process was violated because the BIA failed to consider all relevant evidence, which is a reviewable constitutional issue under § 1252(a)(2)(D). But cancellation is a discretionary remedy, *Santos-Zacaria v. Garland*, 598 U.S. 411, 426 (2023), and aliens have no due process rights with respect to discretionary relief, *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019).

No. 25-60175


The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.