# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60156
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2025

Lyle W. Cayce
Clerk

Edwin Enrique Sanchez-Gonzalez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 022 272

————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Edwin Enrique Sanchez-Gonzalez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) upholding an immigration judge's (IJ) denying cancellation of removal. He contends his removal would result in exceptional hardship to his one child, a young daughter who will continue to reside with her mother. *See* 8 U.S.C.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 1229b(b)(1)(D) (requiring "exceptional and extremely unusual hardship" for cancellation of removal).

Determining whether an established set of facts satisfies the "exceptional and extremely unusual hardship" standard is a mixed question of fact and law reviewable under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 216–17, 225 (2024). "Such review is deferential because the mixed question is primarily factual." *Cuenca-Arroyo v. Garland*, 123 F.4th 781, 784 (5th Cir. 2024) (citation omitted); *E.g.*, *Sustaita-Cordova v. Garland*, 120 F.4th 511, 518–19 (5th Cir. 2024). We review the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Sanchez shows no error in the BIA's concluding he did not meet the requisite exceptional-hardship standard. *See Wilkinson*, 601 U.S. at 216–17, 225. The asserted hardship must be "substantially different from or beyond that which would ordinarily be expected to result from" the removal of a close family member, but it need not be "unconscionable". *Id.* at 215 (citation omitted). He shows emotional and financial distress accompanying the removal of a loved one—not extreme hardship. *See Cuenca-Arroyo*, 123 F.4th at 784–85.

DENIED.