# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

No. 25-60313
Summary Calendar

———————————

Gamaliel Delgado,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 329 795

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Gamaliel Delgado, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ) denial of cancellation of removal.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Sustaita-Cordova v. Garland*, 120 F.4th 511,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

517 (5th Cir. 2024).  To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), one must show that, inter alia, his removal from the United States "would result in exceptional and extremely unusual hardship to" a qualifying relative.  8 U.S.C. § 1229b(b)(1)(D); *see Wilkinson v. Garland*, 601 U.S. 209, 213 (2024).  Although we lack jurisdiction to review the factual findings underlying the agency's conclusion on the issue of hardship, we may undertake a deferential review of the question whether an established set of facts satisfies the legal standard of exceptional and extremely unusual hardship.  *Wilkinson*, 601 U.S. at 216–17, 225.

Delgado's arguments primarily dispute the correctness of the agency's factual findings underlying its conclusion on hardship; however, those factual findings are unreviewable.  *See id.* at 225; *Sustaita-Cordova*, 120 F.4th at 518.  To the extent Delgado contends that the established facts satisfied the hardship standard, he has not shown that the agency erred in concluding that the facts failed to establish the requisite hardship as to any of his qualifying relatives.  *See Cuenca-Arroyo v. Garland*, 123 F.4th 781, 784–85 (5th Cir. 2024); *Sustaita-Cordova*, 120 F.4th at 518–19.

Further, Delgado's contention that the agency failed to cumulatively consider all the hardship evidence is refuted by the record, which shows that the issues he raised and evidence he submitted were given the attention they warranted.  *See L.N. v. Garland*, 109 F.4th 389, 396 (5th Cir. 2024).  Finally, his due process argument is unavailing because he has no due process rights with respect to the discretionary remedy of cancellation of removal.  *Santos-Zacaria v. Garland*, 598 U.S. 411, 426 (2023); *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019).  The petition for review is DENIED.