# United States Court of Appeals
# for the Fifth Circuit

No. 25-60497
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2026

Lyle W. Cayce
Clerk

ANDRES PEREZ-PADILLA,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 220 125

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Andres Perez-Padilla, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of his application for cancellation of removal by the Immigration Judge (IJ). He claims that his removal would cause exceptional and extremely unusual hardship to his children who are United States citizens

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

and that the agency did not afford adequate weight to those factors. Perez-Padilla also argues that the agency violated his due process rights by not considering the evidence cumulatively.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Sustaita-Cordova v. Garland*, 120 F.4th 511, 517 (5th Cir. 2024). Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the factual findings underlying the agency's conclusion on the issue of hardship. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). However, whether an established set of facts satisfies the legal standard of exceptional and extremely unusual hardship is a mixed question of fact and law that is a reviewable legal question pursuant to § 1252(a)(2)(D). *Id.* at 216-17, 225.

In large part, Perez-Padilla's arguments dispute the correctness of the agency's factual findings underlying its conclusion on hardship, such as the financial and emotional impact on his family if he were removed. However, those factual findings are unreviewable. *See id.*; *Sustaita-Cordova*, 120 F.4th at 518. To the extent Perez-Padilla avers that the established facts satisfy the hardship standard, the argument is unavailing. *See Cuenca-Arroyo v. Garland*, 123 F.4th 781, 784-85 (5th Cir. 2024); *Sustaita-Cordova*, 120 F.4th at 518-19.

Additionally, the record belies Perez-Padilla's assertion that the agency failed to cumulatively consider all the hardship evidence. To the extent this argument disputes the agency's factual findings and is merely cloaked as a constitutional claim, we lack jurisdiction to review it. *See Wilkinson*, 601 U.S. at 225; *Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023). Additionally, aliens do not have due process rights with respect to discretionary relief such as cancellation of removal. *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609-10 (5th Cir. 2006).

The petition for review is DENIED.