# United States Court of Appeals for the Fifth Circuit

---

No. 25-60495

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2026

Lyle W. Cayce
Clerk

Ernestine Endam Nwachan,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent.*

---

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A249 135 946

---

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Ernestine Endam Nwachan, a native and citizen of Cameroon, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and her motion for a continuance.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60495

This court reviews the BIA's decision and will consider the IJ's underlying decision only to the extent it impacted the BIA's decision. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). "Questions of law are reviewed de novo . . . ." *Id.* But findings of fact—including the finding that an applicant is not eligible for asylum, withholding of removal, and CAT protection—are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026). Under that standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen*, 470 F.3d at 1134 (citation modified). It is the applicant's burden to show "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Nwachan first argues that the BIA erred in dismissing her appeal solely on the ground that she did not present corroborating evidence, and that it should have also reviewed the IJ's determination that she is not credible. "[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because the BIA concluded that the IJ's finding regarding lack of corroborating evidence was both correct and dispositive, it did not err in pretermitting the credibility issue. *See Rui Yang v. Holder*, 664 F.3d 580, 586-87 (5th Cir. 2011) ("[T]he BIA need not make a credibility determination when it determines that corroborating evidence is reasonably available to the applicant but was not submitted.").[1]

---

[1] *Rui Yang* addressed corroboration requirements in asylum cases based on a regulation providing that "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 664 F.3d at 586 (quoting 8 C.F.R. § 1208.13(a)). The regulations governing withholding of removal and CAT relief contain identical provisions. *See* 8 C.F.R. § 1208.16(b), (c)(2).

No. 25-60495

Nwachan next argues that the BIA erred in affirming the IJ's finding that she is not entitled to CAT protection based only on her lack of credibility. The record reflects that the IJ's decision did not hinge solely on a finding of adverse credibility—it was also based on Nwachan's failure to provide reasonably available corroborating evidence. The BIA affirmed it based on lack of corroboration without considering the credibility of Nwachan's testimony, which it was permitted to do. *See Mohndamenang v. Garland*, 59 F.4th 211, 217–18 (5th Cir. 2023) ("[W]e uphold the [IJ]'s dismissal of the CAT claim for the same reason we affirmed the dismissal of the asylum and withholding-of-removal claims: There are no grounds to reverse the [IJ]'s holding that Arafat had not provided sufficient corroborating evidence to support his testimony.").

Finally, Nwachan asserts that the BIA erred in affirming the IJ's denial of her motion for a continuance, in which she sought additional time to obtain corroborating evidence, because (1) it did not use the correct standard of review to evaluate her claim that the denial violated her due process rights and (2) she established good cause. "The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). "On the occasions that we have reviewed BIA continuance determinations, we have reviewed them for an abuse of discretion." *Cuenca-Arroyo v. Garland*, 123 F.4th 781, 786 (5th Cir. 2024).[2] Under this "highly

---

[2] We note the holding in *Ikome v. Bondi* that this court lacks jurisdiction to review "continuance determinations in proceedings for discretionary relief" outlined in 8 U.S.C. § 1252(a)(2)(B)(i). 128 F.4th 684, 688–90 (5th Cir. 2025) (concerning a proceeding for cancellation of removal and adjustment of status under 8 U.S.C. § 1229b, which § 1252(a)(2)(B)(i) explicitly "strips courts of jurisdiction to review"). In unpublished cases, this court has applied *Ikome* and found no jurisdiction to review continuances in cases involving claims for asylum, withholding of removal, and CAT protection. *See Flores Sanchez v. Bondi*, No. 25-60469, 2026 WL 755105, at *1 (5th Cir. Mar. 17, 2026)

deferential" standard, "a discretionary decision is not to be disturbed so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (citation modified). "[T]he denial of a continuance does not violate due process where an alien fails to show good cause." *Ali v. Gonzales*, 440 F.3d 678, 681 (5th Cir. 2006).

Here, the BIA specifically stated, and its decision reflects, that it reviewed issues of law and discretion under the correct de novo standard of review. *See* 8 C.F.R. § 1003.1(d)(3)(ii). Moreover, the BIA found Nwachan failed to establish good cause for a continuance by weighing several factors, including her failure to gather any evidence apart from general country conditions, her failure to present documentation showing any attempts to obtain additional evidence, and that her concerns regarding restricted communication access in Cameroon were unlikely to be resolved by the requested continuance. Accordingly, "[t]he BIA, at the very least, utilized a 'perceptibl[y] rational approach' in weighing the *In re L-A-B-R-*, 27 I&N Dec. 405 (AG 2018), factors." *See Cuenca-Arroyo*, 123 F.4th at 786 (second alteration in original) (quoting *Delgado-Victorio v. Garland*, 88 F.4th 630, 632 (5th Cir. 2023)). It did not abuse its discretion. *See id.*

The petition for review is DENIED.

---

(unpublished); *Santos v. Bondi*, No. 25-60363, 2026 WL 413435, at *1 (5th Cir. Feb. 13, 2026) (unpublished). Nevertheless, the Government expressly "does not rely on" *Ikome* because "§ 1252(a)(2)(B)(i) is not applicable to Nwachan's claims." Because this court has yet to directly address its jurisdiction to review continuance determinations in asylum, withholding of removal, and CAT proceedings, and because "we would not grant the relief [Nwachan] seeks even if we were able to," we need not address the jurisdictional issue here. *See Cuenca-Arroyo*, 123 F.4th at 786 (pretermitting the question of whether the court had jurisdiction to review the BIA's continuance determination because the petitioner failed on the merits).